REALTY MART, INC., Appellant,

v.

O. Dean DURHAM et al., Respondents.

No. KCD 28539.

Missouri Court of Appeals,
Kansas City District.

Aug. 8, 1977.

Lester E. Adams, Kansas City, for appellant.

Graham, Paden, Welch, Martin & Albano, Michael J. Albano, Independence, for respondents.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

The issue, in this court-tried case, is whether appellant realtor is entitled to a commission upon a sale between the parties to a written contract of property consum-

mated after the written contract had by its terms expired.

On March 14, 1973, assisted by appellant, the Durhams and the Hooks entered into a written contract, in which appellant was named agent for the Durhams, to sell the Durham property, Lot 37, Cambridge Heights in Lee's Summit, Missouri, to the Hooks. The contract was expressly contingent upon the Hooks selling their property at 701 North Independence in Lee's Summit on or before June 30, 1973 (according to Mr. Hook the money from the sale of the Independence property was to provide the down payment on the Cambridge property); was subject to the Hooks obtaining a $22,500.00 loan for a period of 30 years at the prevailing rate of interest; and required a $400.00 "earnest money" deposit. Mrs. Hook, on the date of the contract, issued a $400.00 check to appellant, which check was deposited by it in the Raytown Bank on March 26, 1974, but was charged back to appellant on April 1, 1974, "payment stopped." It does not appear when payment on the deposit check was stopped at the Hooks' bank. Appellant had a 90-day exclusive listing agreement to sell the Hooks' property but was unsuccessful in his attempts to sell it, and it was eventually sold by someone else in January, 1974. The Hooks' commitment for a loan expired before which appellant attempted to aid the parties in closing their contract, but "their response was very clear to me (Mr. Thomas) that they didn't need me."

Mr. Hook testified that he rented the Durham property November 1, 1973, it having not theretofore been ready to be lived in. In September or October, 1973, he, being an electrician, put the wiring in the house with the agreement that if he did not eventually purchase it the electrical work would be forfeited. Mr. Hook did not contact appellant after the exclusive listing expired on his property or for assistance in closing the original contract with the Durhams. He was, however, in constant contact with Durhams after the original contract was signed.

The contract here is clearly conditional—that the Hooks' property be sold by June 30, 1973, and the evidence showed that it was not sold within that time. The contract thus was one of fixed duration—to June 30, 1973. *Weber v. Larkin*, 380 S.W.2d 956 (Mo.App.1964), controls. There the contract was contingent upon purchasers procuring a commitment for an FHA loan by November 30, 1960, which was never accomplished. The court, in reversing a judgment for the broker-realtor, said, "[T]here was no evidence in the case that during the life of the contract in question, plaintiff ever produced a purchaser who was ready, willing and able to perform according to the conditions of the contract, * * *." See also *Taussig, Day & Co. v. Poleman*, 360 Mo. 470, 228 S.W.2d 722 (1950), quoting *Bowman v. Rahmoeller*, 331 Mo. 868, 55 S.W.2d 453, 458 (1932); *Boyd v. Margolin*, 421 S.W.2d 761, 766[2–7] (Mo.1967); *Smith v. Allgier*, 234 Mo.App. 392, 135 S.W.2d 43, 50, 51 (1939).

The judgment is supported by substantial evidence; it is not against the weight of the evidence; and it does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The judgment is affirmed.